GALENA AND CHICAGO UNION RAILROAD COMPANY

*v.*

THOMAS GRIFFIN.

1. RAILROADS — *fencing their track.* A railroad company are not required to fence their track upon their depot grounds in a town.

2. RAILROADS — *care — negligence — running over stock.* In this case, a colt ran upon the road before the locomotive, and was run over and killed. The train, at the time, was running through a town, upon the depot grounds

of the company, at the usual rate of speed. The bell upon the locomotive was ringing. The colt ran upon the road from behind a building, so near the road that it could not be seen by the engineer in time to check the train ; but as soon as he saw it he blew the whistle, and the breaks were put down. The track, at that point, was not fenced. ` *Held*, that the company was guilty of no negligence.

APPEAL from the Circuit Court of the county of WHITESIDE; the Hon. W. W. HEATON, Judge, presiding.

This was an action, originally commenced before a justice of the peace in the county of Whiteside, by Thomas Griffin, against the Galena and Chicago Union Railroad Company, to recover damages for running a train upon, and killing, a colt belonging to the plaintiff. The justice rendered a judgment against the company, who took an appeal therefrom to the Circuit Court.

It appeared from the evidence upon the trial in the Circuit Court, that while a passenger train was approaching the depot building of the company, at its usual rate of speed, running at the rate of about fifteen miles an hour, and on the depot grounds of the company, within the town of Morrison, which is an incorporated town, the colt of the plaintiff ran from behind a building near the track, and in attempting to cross the road in advance of the train, was struck by the locomotive, and killed. The colt was running at large at the time of the accident.

The train was in such position at the time the colt started in the direction of the road, that the engineer could not see it; as soon as he did see it, however, he gave the usual signal by the whistle to put down the breaks for the purpose of stopping the train. It was impossible, from the time the engineer first saw the colt, to have checked the speed of the train sufficiently to have enabled the colt to cross the road in safety.

The track crossed two streets in the town; the accident occurred about sixty feet east of the first crossing, and about one hundred and fifty feet west of the second crossing, the train running east at the time. The bell on the engine was rung at least eighty rods west of the west crossing, and until .

the train reached the station. The depot grounds of the company in the town were not fenced. The colt was proven to be of the value of fifty dollars at the time it was killed, and the jury returned a verdict in favor of the plaintiff for that amount.

The defendants entered their motion for a new trial, which the court below overruled; and judgment was entered in accordance with the verdict, from which the defendants took this appeal. The assignment of errors presents two questions: *first*, whether it was the duty of the company to have fenced their road at the place where the accident occurred; and *second*, whether the company were guilty of negligence, so as to make them liable to the plaintiff.

Mr. ELLIOTT ANTHONY, for the appellant.

Messrs: JOHNSON & TELLER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court.

In this case a motion for a new trial was entered, which was overruled by the court. It is insisted by appellants, that appellee wholly failed, on the trial below, to show negligence on the part of the company. It appears from the evidence, that the colt was killed on the depot grounds, where they are not required to fence their track. It ran upon the road, from behind a building so near the road that it could not be seen by the engineer in time to check the train. Before it could be seen, it was within a few feet of the engine. It also appears, that the train was running at its usual speed.

One or two of appellee's witnesses testify, that they did not hear the ringing of the bell. But the engineer and fireman both swear positively, that it was ringing at the time the accident occurred. The fireman testifies, that he rung the bell at the time, as he always did at road crossings, and had for at least eighty rods. This was all that the agents of the company could do to prevent the accident. Instead of the evidence showing negligence, it seems to establish the

highest degree of care that could have been exercised under the circumstances. We can perceive no omission of duty on their part. The finding of the jury was, we think, manifestly against the evidence, and the court below should have granted a new trial.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*