RUTH LLOYD, Defendant in Error, *v.* THE PACIFIC RAILROAD COMPANY, Plaintiff in Error.

1. *Railroad companies — Damages — Freight depots — Negligence.* — Under section 5 of the damage act (Wagn. Stat. 520), taken in connection with section 43 of the act concerning railroads (Wagn. Stat. 310–11), railroad companies are not, regardless of the question of negligence, liable for the killing of stock in incorporated towns or cities, near their freight and passenger depots, where goods are wont to be received and shipped, although the track, at the point of the accident, was unfenced.

*Error to Moniteau Circuit Court.*

*J. N. Litton*, for plaintiff in error.

If there are certain approaches to railroad depots in villages and towns, in actual and constant use by the public, and which necessarily are left unfenced in order to enable the public to ship and defendant to receive and deliver freight, and to perform the duties which the law requires of it, and if, the same being fenced up, a public nuisance would be created, defendant is not liable for failure to fence such avenues of approach and departure, and is not responsible in damages, without proof of negligence, for stock killed which get upon the track through such avenues. (Ind. & Cin. R.R. v. Oestel, 20 Ind. 231; Ind. & Cin. R.R. v. Kinney, 8 Ind. 404; 6 Ind. 144; Ind. R.R. v. Parker, 29 Ind. 471; Lehey v. Hudson R.R., 4 Robt., N. Y., 214; Vandecker v. R. & S. R.R., 13 Barb. 390; Parker v. R. & R. R.R., 16 Barb. 315; 2 E. D. Smith, 257; Ill. Cent. R.R. v. Swearingen, 47 Ill. 206; T. & W. R.R. v. Daniels, 21 Ind. 256.)

When the literal requirement of the statute would create a public nuisance or compel the railroad to do an unlawful act, then it will be construed to require that act, if such a construction is possible.

In every sense the approaches to a depot and the ground in the immediate vicinity are public highways. No order of a County Court, no dedication by a plat, is necessary to create such a public crossing as will exempt defendant from fencing. It is enough that the crossing is used by the public. To hold that the statute requires this depot ground to be fenced is at utter variance with the entire spirit of the statute.

*Burke & White*, for defendant in error.

BLISS, Judge, delivered the opinion of the court.

The plaintiff brought suit under the fifth section of the damage act (Wagn. Stat. 520) for killing her cow, and showed that at the place where the carcass of the cow was found, the road was not fenced; but it appeared that there was a fence on the south

side of the track, and that the ground upon the north side, between the track and the public highway, was contiguous to a railroad station, and was used for receiving and delivering freight, etc. The following instruction, asked by defendant and refused by the court, embraces the only proposition necessary to be considered: "If the jury believe from the evidence that the cow was killed in the open grounds of defendant, at defendant's station, and that it was necessary for the transaction of business with the public, and for its convenience in the reception and discharge of freight and passengers, that such space should be left open, they will find for defendant."

By refusing to give this instruction in connection with the evidence and other rulings, the court held that the railroad company was under obligation to fence its track at its passenger and freight depots, without regard to the inconvenience thereby caused to those who operated the road or to the public; and that, unless such fence was made, the company was liable to pay for all animals killed, without regard to the question of negligence.

This view might be warranted by a literal interpretation of the statute. It provides in general terms that when any animal shall be killed by the cars, etc., the owner may recover its value without any proof of negligence, but that the provision shall not apply to any accident occurring where the road is inclosed by a lawful fence, or in the crossing of any public highway. But such interpretation would hold railroad companies to this extraordinary responsibility unless they should fence up their tracks in towns and villages and at all their places of doing business; in a word, it would obligate them to commit a public nuisance, and to render it inconvenient or impossible to transact their business — to perform, indeed, the office of their creation. The statute should receive no such unreasonable construction, but should be interpreted in connection with section 43 of the chapter concerning railroads (Wagn. Stat. 310–11), which obligates railroad companies, among other things, to fence their road where it passes through or along cultivated fields or uninclosed prairie lands. It might extend even further than that, but it cannot receive the construction given it by the court below.

This court has unformly held that railroad companies are under no obligation to fence their track where it crosses the plat of a town or city. (Meyer v. North Mo. R.R. Co., 35 Mo. 353 ; Iba v. Hann. & St. Jo. R.R. Co., 45 Mo. 469 ; Wier v. St. Louis & Iron Mountain R.R. Co., 48 Mo. 558.) In Indiana, under a similar statute, the exemption is extended to grounds necessary to be kept open for the use of the public or the road. (Ind. & Cin. R.R. Co. v. Kinney, 8 Ind. 402 ; Ind. & Cin. R.R. Co. v. Oestel, 20 Ind. 231.)

This proceeding was instituted before a justice of the peace, and under the general statement of the cause of action the plaintiff would be entitled to recover if she could show actual negligence by which her property was destroyed. To enable her to do this, in reversing the judgment the cause will be remanded. The other judges concur.