EDWARDS v. HANNIBAL & ST. JOSEPH R. R. Co., *Appellant.*

66 567
33a 682
66 567
44a 226
66 567
91a 323
66 567
94a ²401

1. **Forty-third Section of the Railroad Law: Negligence.** In an action under the 43rd section of the railroad law (Wag. Stat., p. 310), there can be no recovery for injuries resulting from the negligent management of a train, (*following Cary v. St. L., K. C. & N. Rwy. Co.*, 60 *Mo.* 209).

2. **Railroad Fences:** STATUTES CONSTRUED. The 43rd section of the railroad law does not require railroad companies to erect and maintain fences within the limits of incorporated towns.

The 5th section of the damage act (Wag. Stat., p. 520), does not equire them to fence anywhere; but simply dispenses with proof of negligence in the first instance when animals are killed where

there are no fences, but where fences might lawfully have been erected.

*Appeal from Macon Court of Common Pleas.*—HON. WILLIAM A. GUYSELMAN, Judge.

*James Carr* and *H. B. Leach* for appellant

The statute does not apply to injuries done at points where it would be improper, or is illegal for the railroad company to maintain fences. *Indianapolis R. R. Co. v. Parker*, 29 Ind. 471; *Same v. Kinney*, 8 Ind. 402; *Same v. Oestel*, 20 Ind. 231; *Great Western R. R. Co. v. Morthland*, 30 Ill. 457; *Bennett v. Chicago Ry. Co.*, 19 Wis. 145; *Davis v. Burlington R. R. Co.*, 26 Iowa 549; *Packard v. Ill. Cent. R. R. Co.*, 30 Id. 474; *Smith v. Chicago R. R. Co.*, 34 Id. 509. The defendant was under no legal obligation to inclose its railroad with a fence where it passes through the limits of an incorporated town. *Meyer v. N. M. R. R. Co.*, 35 Mo. 352; *Lloyd v. Pac. R. R. Co.*, 49 Mo. 199; *Iba v. H. & St. Jo. R. R. Co.*, 45 Mo. 473; *Ells v. Pacific R. R. Co.*, 48 Mo. 232; *Wier v. St. Louis R. R. Co.*, 48 Mo. 558; Wag. Stat., p. 310, § 43; *Gerren v. H. & St. Jo. R. R. Co.*, 60 Mo. 405.

*Elijah A. Fletcher* for respondent, cited *Ells v. Pacific R. R. Co.*, 48 Mo. 231.

HOUGH, J.—The petition in the present case contained five counts, in each of which the plaintiff claimed double damages under the 43rd section of the railroad law, for certain hogs killed by defendant's trains in the year 1873, within the corporate limits of the town of New Cambria, in the county of Macon. The cause was tried by the court without the aid of a jury; the finding was for the plaintiff, judgment for double damages was rendered on each of the counts, and defendant has appealed. It was alleged in each count that the hogs were negligently killed at a point within said corporate limits, where there were no

fences, and where the land was not laid out in lots, streets and alleys, and where the said railroad of defendant passed along and through uninclosed prairie land, and not at a public crossing. The defendant expressly admitted that it had not erected or maintained any fences within the corporate limits of the town of New Cambria, and did not deny the allegation that at the point where the killing took place the land was not laid out in lots, streets and alleys. All other allegations were denied. It appears from the testimony that the land included within the corporate limits of the town of New Cambria was originally prairie land, and there was testimony tending to show negligence in the management of the trains. The killing of the hogs was admitted on the trial. The plaintiff bases his right to recover upon the negligence of the defendant, and its failure to erect and maintain fences within the corporate limits of New Cambria.

It has been expressly decided by this court that in actions under the 43rd section of the railroad law, there can be no recovery for injuries resulting from the negligent management of the train. *Cary v. St. Louis, K. C. & N. Rwy. Co.*, 60 Mo. 209; *Crutchfield v. Same*, 64 Mo. 255. The plaintiff could not recover in this action, therefore, on the ground of negligence.

As to the second point, there is an apparent conflict in the decisions of this court, resulting, rather from inaccurate expressions, than from contradictory rulings. In the case of *Lloyd v. P. R. R. Co.*, 49 Mo. 199, it is broadly stated that " This court has uniformly held that railroad companies are under no obligation to fence their track, where it crosses the plat of a town or city." In support of this statement, Judge Bliss, who delivered the opinion of the court, cited *Meyer v. N. Mo. R. R.*, 35 Mo. 353; *Iba v. H. & St. Jo. R. R.*, 45 Mo. 469, and *Wier v. St. Louis & I. Mt. R. R.*, 48 Mo. 558. The case of *Lloyd v. R. R., supra*, was brought under the 5th section of the damage act, and the circuit court held that the railroad company

was liable under that section for a failure to fence its track at its passenger and freight depots. The court repudiated that view, and said : " The statute should receive no such unreasonable construction, but should be interpreted in connection with section 43 of the chapter concerning railroads, which obligates railroad companies, among other things, to fence their road where it passes through or along cultivated fields or uninclosed prairie lands. It might extend even further than that, but it cannot receive the construction given it by the court below." In *Ells v. P. R. R.*, 48 Mo., 231, which was also an action under the 5th section of the act concerning damages, the defendant sought to escape liability on the ground that that section was inapplicable to cases where animals were killed within the corporate limits of any town or city. The court said : " But the statute makes no exception in regard to towns, but only an implied one in the crossing of a public highway. * * * Ordinarily, a railroad track cannot run any considerable distance within a town without being crossed by some street, either actually opened or merely established. In that case the fencing cannot be required, for it would shut up a street actually in use, or one that has been laid out and dedicated and may soon be opened. But where the corporation lines embrace portions of the adjacent country not actually laid out as a town, or so laid out that no streets cross the railroad, the reason for the exception does not apply, and the obligation to fence is as imperative as outside the corporation limits." Reference is unquestionably made in the foregoing extract to the " exception " contained in the 5th section of the damage act, and to the " obligation " conceived to be imposed by that act. Now, it should be borne in mind, that while railroad companies are, by the 5th section of the damage act, made liable, without any proof of negligence, for stock killed where there are no fences, except at the crossing of a public highway, that section does not *require* railroad companies to erect fences anywhere on the line of

their roads. It is inaccurate to say that there is any obligation to fence, imposed by that section. That section simply dispenses with the proof of negligence in the first instance, when the animals are killed where there are no fences, but where fences might lawfully have been erected. The 43rd section of the corporation law, on the contrary positively enjoined, at the time the hogs in question were killed, the erection of fences along or adjoining inclosed or cultivated fields, or uninclosed prairie lands, of the height of at least five feet, with openings and gates or bars therein, and farm crossings of the road, for the use of the proprietors, or owners of the lands adjoining such railroads. It is patent from the phraseology employed in this section that it was intended to apply only to farming lands and the open prairie, and not to lands included within the limits of any incorporated town or city. We do not mean to say that fences can in no case be lawfully erected in towns and cities. In the case supposed in *Ells v. The P. R. R.*, they might lawfully be built. But there is no law *requiring* them to be built. If the provisions of the 43rd section *supra*, were applicable to all places whatsoever, where fences might lawfully be erected, the provisions of the 5th section of the damage act would be entirely superfluous. This view of the scope and object of the two sections under consideration is sustained by the opinion of this court in the case of *Tiarks v. St. L. & I. Mt. R. R.*, 58 Mo., 45. It was there said that "the 5th section of the damage act was designed to furnish an inducement for the roads to fence their track where it was not deemed absolutely necessary to compel them to do so. By that section, if the road is not fenced, and animals are killed at a place where the law does not require fences to be erected, the law raises the inference of negligence, and the corporation will be liable." The present action having been brought under the 43rd section of the corporation law, there can be no recovery for a failure to erect fences, where, by said section, fences are not required to be erected. The action should have

been brought under the 5th section of the damage act, as in the case of *Ells v. P. R. R.*, 48 Mo. 232. An action cannot be brought under the 43rd section of the corporation law, and a recovery be had under the 5th section of the damage act. *Cary v. R. R. Co.*, Mo. 209; *Wood v. R. R.*, 58 Mo. 109. It follows, therefore, that the judgment of the circuit court must be reversed and the cause remanded. The other judges concur.

REVERSED.