83 507
41a 508
83 507
51a 604
83 507
84a 92

RUSSELL v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant*.

1. **Railroads**: FENCES. Railroads are neither required nor permitted to fence in their tracks where they run through incorporated towns laid off into streets and thoroughfares, nor to fence up their stations.

2. ———: KILLING STOCK: PLEADING : STATUTE. A statement in an action before a justice of the peace against a railroad for single damages for killing stock, based upon R. S., sec. 2124, should allege that the defendant might have enclosed with a lawful fence that portion of the road on which the accident occurred.

3. **Pleading**: STATUTE : EXCEPTION. Where an exception to the right of the plaintiff to recover is contained in the same section of the statute which gives the right of action, the petition must be so framed as to show that the defendant is not within the exception.

4. **Pleading**: SEVERAL COUNTS : AIDER. Unless a count in a petition expressly refers to another count therein, an omission in the former to aver a constitutive fact cannot be aided by such other count.

*Appeal from Jackson Circuit Court.* — HON. F. M. BLACK, Judge.

REVERSED.

*M. A. Low* for appellant.

The second count in the petition did not state a cause of action. It does not show even inferentially that the horse got upon the track by reason of a failure to fence or that the defendant was under any obligation to fence at the point where it was injured. *Johnson v. R. R.,* 76 Mo. 553 ; *Field v. R. R.,* 76 Mo. 614.

*G. F. Ballingall* and *Botsford & Williams* for respondent.

The petition states a good cause of action under R. S., sec. 2124. *Kennayde v. R. R.,* 45 Mo. 225. It was not necessary for respondent to repeat in the second count the allegation of the incorporation of defendant or of its duty to fence its road where it passes through and along uninclosed lands. *Aull Savings Bk. v. City of Lexington,* 74 Mo. 104. It is not controverted that respondent's mare was injured at a point on appellant's road where it was not fenced and not at a crossing of a public highway and where it passed through uninclosed land, and hence it was its clear duty to fence at the place of the accident. *Rutledge v. R. R.,* 78 Mo. 287 ; *Robinson v. R. R.,* 57 Mo. 494.

PHILIPS, C. —This is an action to recover from the defendant, a railroad corporation, damages alleged to have been done by defendant's cars, etc., to the horse of plaintiff in Clay county. The petition contained three counts. The first was based on what is commonly known as the double liability section of the statute, and contained the necessary averments touching the existence of

defendant as a corporation, and the circumstances of the injury, so far as to bring the action within the provisions of said section.

The second count was for single damages and is as follows : "Plaintiff further states, that the said bay mare of the value of one hundred and ten dollars, aforesaid, the property of said plaintiff, was, on the 7th day of August, 1880, at said county of Clay, on defendant's said road, injured and killed by the cars, locomotives and other carriages used on said railroad of said defendant ; and that the portion of said defendant's road, where such injury to said mare occurred, was not, at said time, inclosed by a lawful fence, and was not, then and there, the crossing of any public highway. Wherefore plaintiff prays judgment for said sum of one hundred and ten dollars and costs."

The third count was drawn so as to meet the case of the road being jointly occupied at the point in question by defendant and the Chicago, Rock Island and Pacific Railway Company. The answer tendered the general issue as to all the counts.

On an instruction asked by the plaintiff, the jury found the issues as directed, for the defendant as to the first and third counts, and brought in a verdict for plaintiff on the second count for single damages. From this judgment defendant prosecutes this appeal.

I. At the close of plaintiff's evidence the defendant asked an instruction in the nature of a demurrer to the petition and the evidence, which the court refused to give. So the first question presented for determination by the appellant is, as to the sufficiency of the second count of the petition on which the recovery was had. This count was founded, and is sought to be sustained on section 2124 of what is known as the damage act. It reads as follows : "When any animal or animals shall be killed or injured by the cars, locomotive or other carriages used on any railroad in this state, the owner of such animal or animals may recover the value thereof, in

an action against the company or corporation running such railroad, without any proof of negligence, unskilfulness or misconduct, on the part of the officers, servants or agents of such company ; but this section shall not apply to any accident occurring on any part of such road that *may be inclosed* by a lawful fence, or in the crossing of any public highway."

The count of the petition in question sufficiently pursues this section of the statute, in all essential particulars, until it comes to the statement of the matter of exception contained therein. No allegation of negligence is required to be made in the petition, nor any proof thereof need be made, where the point of injury is such that the defendant might have inclosed its road by a lawful fence. But it is at once apparent that the company is not liable for such damage merely because of the absence of a fence. This, for the simple reason that there are places on the line of railroads where they are not permitted to fence, or could not do so on account of interfering with the right of ingress or egress by the public to and over the road. They are neither required nor permitted to fence in their tracks where they run through incorporated towns, laid off into streets and thoroughfares, nor to fence up their stations. *Lloyd v. P. R. R.*, 49 Mo. 199 ; *Edwards v. Han. & St. Jo. R. R.*, 66 Mo. 567.

Therefore the significance of the language of the statute, making the company liable for damages occurring on a portion of its road where it "*may be* inclosed with a lawful fence," becomes obvious. The company is not liable on account of the absence of such fence, unless it appears that it be at a point where it "may" inclose its road.

The second count avers only that the road was not "inclosed by a lawful fence." It does not, in the language of the exception contained in the statute, aver that the defendant might have inclosed its road at that point with a lawful fence. The allegation of the petition might be entirely true in fact, and yet the place may not be

such as the defendant would be authorized to erect a fence there. There is no fact averred from which the inference might even be drawn that the place was not at a station or inside of a town laid out and occupied, in the vicinity, by streets, alleys and thoroughfares. It is a well-settled rule of pleading that where, in the same section in which the right of action is given, the exception is contained, and it is manifest that the plaintiff cannot recover without negativing the exception, the petition must be so framed as to clearly show that the defendant is not within the exception. *Williams v. Hingham*, 4 Pick. 347; *State ex rel. Ladd v. Clark*, 42 Mo. 523. This is precisely the case at bar.

It is suggested, however, that the allegation in the count that the road at the point of injury "was not inclosed with a lawful fence" is tantamount to the language, "may be inclosed." The argument in support of this proposition is that "a lawful fence," implies that the fence is one which the law permits to be built; that if the law did not permit it to be built at the given point, it would not be a lawful fence.

This reasoning, we think, is more specious than sound. The word "lawful," in the connection found in this statute, applies merely to the quality of the fence, its height, material, etc. The statute concerning inclosures defines what is a lawful fence, and when section 2124 speaks of a lawful fence, it means a fence as defined by the statute. The defendant could not excuse himself from liability by erecting, at a point where he might build, other than a lawful fence according to the statutory standard. The word "may" is the descriptive term as to the power, the right, to build the fence. Plaintiff's counsel undertakes to escape from the omission of the required averment, in this count, by the further claim that he had averred in the preceding count the place of injury to be where defendant was required to fence, and, therefore, it was not necessary to re-state the fact in the second count; citing in support the case of *Aull Savings*

*Bank v. The City of Lexington*, 74 Mo. 104. But that case asserts only the well-settled rule of pleading, that where the first count contains the requisite averment as to the corporate existence of either of the parties to the action, it is not necessary to reaffirm the fact in the succeeding counts.

Mere matters of inducement need not be re-stated. But substantive facts, constituting the cause of action, should be alleged in each count. Bliss on Code Pleading, sec. 121, states the rule thus: "It (the count) must contain all the facts which constitute the cause of action embraced in it, and its defects cannot be supplied from the other statements." Chitty on Pleadings, Vol. 1, p. 249, after admitting the rule as above stated respecting matters of inducement, says: "But unless the second count expressly refers to the first, no defect therein will be aided by the preceding count; for though both counts are in the same declaration, yet they are for all purposes as distinct as if they were in separate declarations, and consequently, they must independently contain all necessary allegations, or the latter count must expressly refer to the former." There is no such reference in the second count under consideration to the constitutive facts claimed to be recited in the first count as would aid the admitted fact in the second count. It must, therefore, be held that this count is bad.

II. As the case is to be remanded, it may be as well to state that the question raised by defendant, that it could not fence its road at the point of this injury was considered and determined adversely to its contention in the case of *Rozzelle v. Han. & St. Jo. R. R.*, 79 Mo. 349. We do not perceive anything in the facts developed in the trial of this cause to exempt the defendant from its liability for not erecting and maintaining a fence at the point in question. That there is any such public use of the road at that point as to prevent the company from building a fence is the merest pretense. For the defect in the statement in the second count, this judgment must

be reversed and the cause remanded, where the plaintiff may amend his petition if he so desires. Ewing, C., concurs. Martin, C., dissents.

MARTIN, C., DISSENTING.—I am unable to concur in either the opinion or the result of this case. It is evident to my mind that when the pleader alleges that the point of killing indicated in the second count "was not inclosed with a lawful fence," he refers to, and intends by the term "lawful," a fence which the company could erect and maintain under the law. This of course they could not do at a station or a highway crossing. Therefore, the possibility of the point having been at such place, is reasonably excluded by fair intendment of the pleader, and this is sufficient for a statement in this class of actions, as repeatedly declared by this court. The meaning of the term "lawful," as attributed to it by this construction is nothing more than a logical deduction from the language of the fifth section under which the count is drawn. That section was enacted before the roads were required to fence their tracks through timbered lands; and the object of it was to give a statutory cause of action without further proof, than that the stock was killed at a point on the road which might be, but which was not, fenced. Two elements are necessary to constitute this statutory cause : 1st. That the point of killing is not at the time thereof inclosed with a fence. 2nd. That it could have been lawfully inclosed with a fence. The pleader has to allege expressly or by legal intendment both of these facts; and he cannot recover without proof of both of them.

Now, these two necessary facts cannot be deduced from the language of the fifth section which furnishes the cause of action, unless you construe "may" to mean "shall," and attribute to the word "lawful" the broader meaning I have given it. By the term "lawful" is meant a fence which the company can in all respects build and maintain at the point of injury according to

law.    If the narrow construction given to it in the opinion
of the commission, viz : that it is the fence prescribed by
the law only in respect to its height, form and material,
without relation to the earth's surface on which it rests,
is to prevail, then the plaintiff would make out a case
under the section by simply alleging and proving that his
stock was killed at a point which the road might fence,
irrespective of the important element as to whether there
was or was not a fence there.   I defy any one to evoke
from the language of the statute the two essential
elements of the action conferred by the statute without
attributing to the word "lawful," in the connection in
which it is used, the broader and more rational meaning
claimed by me.   It will be observed that the word "law-
ful fence" is used in connection with the word "in-
closed."   It is but reasonable to hold, as I do, that the
"lawfulness" relates to the act of "inclosing" as well
as to the height and material in "constructing."   If the
word "may" as used in the statute refers *only* to the
capability of inclosing, and the word "lawful fence" only
to the height and materials, as maintained in the opinion
of the commission, then it appears to me that the opinion
is signally deficient and contradictory in its logic, by ad-
mitting that a necessary element to constitute the action
under the statute, viz : that the point is not actually in-
closed, is wanting in the language of the statute ; and in
failing to account for its absence.    For these reasons I
am persuaded that the count was sufficient in law, and
that the judgment upon it ought not to be disturbed.

I am unable to concur in the opinion of the commis-
sion on the construction placed upon the preliminary
statement, in excluding it from all bearing upon the
second count.   According to the opinion the necessary
averment that the point of killing was capable of being
inclosed with a fence is wanting in the second count, ad-
mitting, however, that it is to be found in another part
of the statement.   It is excluded from all connection with
and bearing on the second count, because the averment is

not repeated in that count. The statement includes three counts for the same injury. One judgment is a bar to action on all of them. All these three counts are preceded with the following preliminary statement referring to and bearing on all of them.

1. "That *at the time hereinafter mentioned*, the defendant, a corporation duly organized and existing under the laws of this state, was the owner of, and running and operating a railroad in this state, known as the Hannibal and St. Joseph Railroad, together with the track, cars, locomotives, and other appurtenances thereto belonging; and that a part of defendant's road passed through, along and adjoining uninclosed lands, at a place thereon about one-half mile northeast from the town of Harlem, in the county of Clay, in said state; and that it was *at said times the duty of said defendant*, as such railroad corporation, *to erect and maintain lawful fences on the sides of its said road, where the same passes through said uninclosed lands.*

2. "That *at said times*, said defendant *had not made and maintained such lawful fences on the sides of its said road,* where the same passes through said uninclosed lands."

These allegations of the pleader on their very face refer to one cause of action no more than to another, for the simple reason that they refer to all. The pleader declares that at "*the times hereinafter mentioned,*" and again "*at said times,*" where the road passed through Clay county it was the duty of the company to erect and maintain lawful fences, and that it passed through uninclosed lands, which the company was required to fence. These allegations necessarily exclude the inference that the place of killing might have been a depot ground which could not have been fenced. If they do not refer to the second count of the petition, then they do not refer to the other two, and that conclusion would leave them as meaningless averments in the statement. It is objected that the count is defective in not referring back ex-

pressly to the preliminary statement. There is no point to this distinction in a case wherein the preliminary statement refers to or reasonably applies to the count, as clearly appears in this case. Strict rules of pleading are not applied to statements in this class of actions. If the necessary averments can be readily gathered from the statement, the pleading is sufficient.

In this case the necessary averments are all spread out in the statement, and they refer and apply to the second count. The plaintiff has obtained a judgment for single damages on that count, and, in my opinion, it would be unjust and illegal to reverse it. Accordingly I am in favor of affirming it.

EWING, C., CONCURRING.—In *Tiarks v. St. L. & I. Mt. Ry.*, 58 Mo. 45, this court said: "The fifth section of the damage act was designed to furnish an inducement for the roads to fence their track, where it was not deemed absolutely necessary to compel them *to do so*. By that section if the road is not fenced, and animals are killed at a place where the law does not require fences to be erected, the *law raises the inference of negligence*, and the corporation will be liable." The fifth section does not *require* railroads to fence *anywhere*, and under that section the corporation is not liable, unless the injury occurred at a place where there was no lawful fence in fact; and, also, at a place where the company *may or can* fence if it so desires; and at a place other than the crossing of a public highway. These are the conditions alone under which a recovery can be had under the fifth section of the damage act. *Edwards v. H. & St. J. R. R.*, 66 Mo. 567; *Wymore v. H. & St. J. R. R.*, 79 Mo. 247.

The second count of the petition does not, therefore, contain the necessary averments to bring the case within the requirements of the fifth section. It only alleges that the road was "not inclosed by a lawful fence," and that the injury did not occur at the crossing of any public highway. It does not aver the other requisite necessary

to state a cause of action under that section to-wit: that the injury occurred at a place where it had the *right* to fence. It requires all the elements to make a case under the fifth section. In other words: The injury must not occur at the crossing of a public highway; it must occur at a place where the company have the legal *right* to fence; and then they are not liable, if they *have a lawful* fence where it did occur; but would be, if no lawful fence was there. For these reasons I hold the second count defective.

In my opinion the statement of the matters of inducement in the first count, as to the defendant being a corporation, etc., are sufficient to connect it with the subsequent counts, and as far as that goes the second count is good in an action, at least before a justice of the peace. With this explanation I concur in the reversal of the judgment.