CLARKSON v. THE WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY, *Appellant.*

**Railroad : KILLING STOCK : STATEMENT.** A statement, under the fifth section of the damage act (R. S., sec. 2124) against a railroad for killing stock, is insufficient which does not allege that the injury occurred at a place where the railroad track might have been enclosed by a lawful fence.

*Appeal from Montgomery Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

REVERSED.

*George S. Grover* for appellant.

(1) As a statement of a statutory cause of action, the complaint is insufficient. *Swearingen v. R. R.*, 64

Mo. 73; *Edwards v. R. R.*, 66 Mo. 567; *Wallace v. R. R.*, 74 Mo. 594; *Wymore v. R. R.*, 79 Mo. 247; *Johnson v. R. R.*, 76 Mo. 554; *Nance v. R. R.*, 79 Mo. 196. (2) The court erred in overruling defendant's demurrer to the evidence. (3) The court also erred in giving erroneous instructions and in refusing instructions which properly declared the law. *Buel v. Transfer Co.*, 45 Mo. 562; *Otto v. Bent*, 48 Mo. 23; *Price v. R. R.*, 77 Mo. 508.

*Hughlett, Hughes & Johnson* for respondent.

The complaint is a good statement of a cause of action under the fifth section of the damage act. *Scott v. R. R.*, 75 Mo. 136; *Iba v. R. R.*, 45 Mo. 470; *Calvert v. R. R.*, 38 Mo. 467; *Powell v. R. R.*, 35 Mo. 457; *Brown v. R. R.*, 33 Mo. 309.

EWING, C.—This action was instituted on the twenty-ninth day of January, 1882, before a justice of the peace in Montgomery county, Missouri, to recover the sum of fifty dollars, for a horse alleged to have been killed by one of defendant's trains on the twenty-fifth day of October, 1881, upon the following statement:

"Plaintiff for his cause of action states that on or about the twenty-fifth day of October, 1881, defendant was, and is now, a corporation, duly incorporated under the laws of the state of Missouri. That defendant, as such corporation, was, on the twenty-fifth day of October, 1881, the owner and occupier of a certain railroad known as the Wabash, St. Louis and Pacific Railway Company, running through Montgomery county, Missouri, and of certain cars and locomotives running thereon. That plaintiff was then the owner of one horse, of the value of fifty dollars, which horse, without any fault of plaintiff, strayed upon the track of said railroad, at a point in Upper Loutre township, Montgomery

county, Missouri, where the same was not enclosed by a lawful fence, and where the same is not crossed by any public highway, and in consequence thereof was negligently struck by defendant's engine, cars, and train, and killed, to plaintiff's damage of fifty dollars. Wherefore, plaintiff says that by reason of the premises he is damaged fifty dollars, for which he asks judgment.

There was a trial before the justice and judgment for plaintiff. The case was appealed to the circuit court where there was again judgment for plaintiff, and the defendant brings the case here by appeal.

I. The first question presented is as to the sufficiency of the statement. It is an attempt to state a cause of action, as is admitted by respondent in his brief, under the fifth section of the damage act, now section 2124, Revised Statutes, 1879. In *Tiarks v. St. L. & I. M. Ry. Co.*, 58 Mo. 45, this court said: "The fifth section of the damage act was designed to furnish an inducement for the roads to fence their track, where it was not deemed absolutely necessary to *compel* them to do so. By that section, if the road is not fenced, and animals are killed at a place where the law does not require fences to be erected, *the law raises the inference of negligence*, and the corporation will be liable." This section, 2124, does not *require* railroads to fence their track *anywhere*. *Edwards v. H. & St. Jo. R. R. Co.*, 66 Mo. 567. And hence they are not liable for injury to stock under that section, unless the injury occurred at a place where there was not a lawful fence in fact; and also at a place where the company *might or could* fence, if it is so desired, and also at a place other than the crossing of a public highway. For example: A railway is not permitted to fence its track at a public crossing; nor is it required or permitted to fence where it runs through incorporated towns laid off into streets and thoroughfares; nor to fence up their stations. *Lloyd v.*

*P. R. R. Co.*, 49 Mo. 199 ; *Iba v. H. & St. Jo. R. R. Co.*, 45 Mo. 469 ; *Edwards v. H. & St. Jo. R. R. Co.*, 66 Mo. 567.    And hence, at those places it would not be liable for injury to stock under section 2124.    A statement, therefore, to be sufficient under this section must contain, first, the affirmative necessary allegations, and must negative the exceptions in the statute, and allege that the injury occurred at a place where there was no lawful fence ; second, at a place where such fence could be made by the company if it chose to do so ; and, third, at a place other than the crossing of a public highway. These are the conditions under which a recovery may be had under section 2124.    *Edwards v. H. & St. Jo. R. R. Co.*, 66 Mo. 567 ; *Wymore v. H. & St. Jo. R. R. Co.*, 79 Mo. 247 ; *Tiarks v. St. L. & I. M. R. R. Co.*, 58 Mo. 45 ; *Russell v. H. & St. Jo. R. R. Co.*, 83 Mo. 507.

The statement under consideration, it will be observed, negatives two of these requisites, to-wit : "Where the same was not inclosed by a lawful fence, and where the same is not crossed by any public highway ;" but it fails to allege that the injury occurred at a place where the track of the railway "may be inclosed by a lawful fence."    In the light of the authorities quoted the statement must be held to be defective and insufficient.

It will not, therefore, be necessary to look farther into the questions raised in the case.    The judgment below is reversed and the case remanded.    All concur.