WILLIAM A. McINTOSH, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 23, 1887.

1. JUSTICE'S COURT—STATEMENT UNDER SECTION 809, REVISED STATUTES—NECESSARY AVERMENTS.—In a suit under section 809, Revised Statutes, before a justice, for the killing of stock, it is necessary for the statement to allege, by direct averment, or necessary implication, that the stock got upon the track at a point where, by the law, defendant was required to erect and maintain fences, and these allegations may be made in the words of the statute. *Manz v. Railroad*, 87 Mo. 281. But *unless* this is done the statement is insufficient.

2. RAILROADS—OBLIGATION CONCERNING FENCES.—Outside of towns and cities, wherever railroad companies *may* erect fences, there *they are required* to erect and maintain fences. But at neither a public *crossing* nor a *depot* is a railroad company *permitted* to erect fences.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

STRONG & MOSMAN, and GEORGE H. TOWNSHEND, for the appellant.

I.   The petition did not *state facts sufficient to constitute a cause of action.* It failed to allege any facts showing that the defendant was under any *obligation* to fence its track at the point mentioned. *Field v. Railroad,* 76 Mo. 614; *Parrish v. Railroad,* 63 Mo. 284; *Sloan v. Railroad,* 74 Mo. 47; *Bates v. Railroad,* 74 Mo. 60; *Rowland v. Railroad,* 73 Mo. 619; *Johnson v Railroad,* 76 Mo. 553; *Hudgens v. Railroad,* 79 Mo. 418; *Nance v. Railroad,* 79 Mo. 196; *Manz v. Railroad,* 2 West. Rep. 472.

II.   There was an entire *failure of proof* tending to show that the plaintiff's mare entered at a point where the defendant was, by law, *required to fence.* *Bremer v. Railroad,* 61 Wis. 114; *Railroad v. Suman,* 29 Ind. 40; *Cecil v. Railroad,* 47 Mo. 246; *Nance v. Railroad,* 79 Mo. 196. Verdicts must be sustained by something more than *mere theory and supposition.* *Fitterling v. Railroad,* 79 Mo. 504; *Smith v. Railroad,* 37 Mo. 287, 295; *Callahan v. Warner,* 40 Mo. 131, 136-7; *Wood v. Railroad,* 51 Wis. 201; *Railroad v. Henrice,* 93 Pa. St. 431; *Railroad v. Kirkwood,* 45 Mich. 51.

III.   The provisions of section 809 (old section 43) *do not apply to injuries to stock on station grounds* (1) Because such grounds *are not required to be fenced.*

Rev. Stat., 1879, sect. 809 ; *Davis v. Railroad*, 26 Iowa, 556–7. (2) Suits for injuries to stock at station grounds have uniformly been brought under the fifth section of the damage act. Rev. Stat., 1879, sect. 2124 ; *Weir v. Railroad*, 48 Mo. 558 ; *Lloyd v. Railroad*, 49 Mo. 199 ; *Swearingen v. Railroad*, 64 Mo. 75 ; *Robertson v. Railroad*, 64 Mo. 412 ; *Wallace v. Railroad*, 74 Mo. 594 ; *Russell v. Railroad*, 83 Mo. 507 ;. *Clarkson v. Railroad*, 84 Mo. 583 ; *Morris v. Railroad*, 58 Mo. 78. *No case can be found* in the books, where an action under the old forty-third section was sustained for injuries happening *on station grounds*. (3) Because said section does not *require*, and the law will not *permit*, the defendant to fence up its stations. *Clarkson v. Railroad*, 84 Mo. 585 ; *Russell v. Railroad*, 83 Mo. 510 ; *Swearingen v. Railroad*, 64 Mo. 75 ; *Robertson v. Railroad*, 64 Mo. 412 ; *Edwards v. Railroad*, 66 Mo. 567 ; *Schooling v. Railroad*, 75 Mo. 518 ; *Morris v. Railroad*, 79 Mo. 367 ; *Lloyd v. Railroad*, 49 Mo. 199 ; *Rhea v. Railroad*, 84 Mo. 348 ; *Elliott v. Railroad*, 66 Mo. 683 ; *Railroad v. Campbell*, 47 Mich. 265 ; *Greely v. Railroad*, 33 Minn. 136 ; *Keyser v. Railroad*, 56 Iowa, 207 ; *Railroad v. Wood,* 82 Indiana, 593 ; *Railroad v. Willis*, 93 Indiana, 507 ; *Railroad v. Haus*, 111 Illinois, 114 ; *Pickett v. Railroad*, 33 Kansas, 748. For injuries occurring "at places where *they are not required to*, but *may*, fence and do not," they are liable under section 2124 (old section 5 of the damage act). *Elliott v. Railroad*, 66 Mo. 683 ; *Rhea v. Railroad*, 84 Mo. 345 ; *Russell v. Railroad*, 83 Mo. 510 ; *Clarkson v. Railroad*, 74 Mo. 585 ; *Morris v. Railroad*, 79 Mo. 370.

IV. (*a*) The provisions of section 809 not being applicable to the case made by the evidence, it was *error* for the court to give plaintiff's *first* instruction. *Rhea v. Railroad*, 84 Mo. 308 ;. *Russell case, supra.* (*b*) Said instruction was too general, vague and indefinite to be a guide to the jury. Its only tendency was to mislead. *Young v. Ridenbaugh*, 67 Mo. 574 ; *State v. Laurie*, 1

Mo. App. 371. (c) It was incomplete. *Clarkson case, supra; Rayson v. Trumbo,* 52 Mo. 35. (d) It left a question of law to the jury for their determination. *Railroad v. Whalen,* 42 Ill. 396; *Davis v. Railroad,* 26 Iowa, 549; *Railroad v. Cory,* 39 Ind. 218; *Railroad v. Engle,* 76 Ill. 318. (e) And was an incomplete, defective statement of that question. *Railroad v. Wood,* 83 Ind. 593.

V. The court erred in *refusing to give* instructions prayed by the defendant. *Morris v. Railroad,* 79 Mo. 367; *Russell v. Railroad,* 83 Mo. 510; *Edwards v. Railroad,* 66 Mo. 567. See cases cited in support of point III.

VI. The court erred in rendering judgment for double the value of the animal. See cases cited in support of point III.

VII. Plaintiff having failed to make out the cause of action *set forth in the petition,* cannot recover upon *another cause. Stix v. Matthews,* 75 Mo. 99; *Clements v. Yeates,* 69 Mo. 625. "Having sued under the forty-third section, plaintiff must recover, if at all, under that section. He cannot recover under the fifth section of the damage act, or on a cause of action at common law, on a petition based upon the forty-third section." *Luckee v. Railroad,* 67 Mo. 246; *Wood v. Railroad,* 58 Mo. 109; *Edwards v. Railroad,* 66 Mo. 567; *Elliott v. Railroad,* 66 Mo. 683; *Rhea v. Railroad,* 84 Mo. 348.

VIII. The court *erred* in refusing to grant the defendant a new trial.

No brief for the respondent.

HALL, J.—This was an action under section 809, Revised Statutes, begun before a justice of the peace, for the recovery of double damages for the killing, by defendant, of plaintiff's mare.

It was necessary for the statement or petition to allege, by direct averment or necessary implication, that

the plaintiff's mare got upon the defendant's railroad track at a point where, by the law, the defendant was required to erect and maintain fences. *Manz v. Railroad*, 87 Mo. 281. It is now held that the petition may make said allegations in the words of the statute, imposing the duty upon railroad companies to erect and maintain fences, as, for instance, by alleging "that the animal strayed upon the track, etc., where said railroad passes along, through and adjoining enclosed or cultivated fields, or unenclosed lands, and was killed," etc. *Manz v. Railroad*, 87 Mo. 281; *Williams v. Railroad*, 80 Mo. 597; *Dorman v. Railroad*, 17 Mo. App. 339.

The material averments of the statement in this case are as follows: "And on or about said day, said mare came upon the main railroad track of said defendant, at a point where it was unfenced on both sides of said track, and at a point where said defendant had, for a long time, failed and neglected to keep or maintain any fences on either side of said track, and at a point not near any crossing of any public road or highway. And the said mare went upon said track by reason of the neglect of the said defendant to fence said road at said point, which was not within the limits of any incorporated town or city, and at said point in Rush township, in said county, the said defendant, while running a locomotive and train of cars on said track, at said point, ran said locomotive and train at and against said mare, and killed and rendered worthless the same." The statement contains no direct averment that the plaintiff's mare got upon the defendant's railroad track at a point where the defendant was required, by law, to erect and maintain fences. The question is, is such allegation made by the statement by necessary implication?

The statement seeks to make such allegation, by implication, by averring certain exceptions. Thus it is averred that the point on the defendant's railroad track, at which the mare went on the track, was not within the

limits of any incorporated town or city, nor at or near any crossing of any public road or highway. Under the statute of 1879, railroad companies are required to erect and maintain fences " everywhere, outside of towns and cities, except at public crossings and depot grounds." *Morris v. Railroad*, 79 Mo. 371, and cases cited. Had the statement, in addition to the exceptions already noticed, also averred that the point at which the mare got upon the defendant's railroad track was not any of its depot grounds, the statement would, by necessary implication, have alleged that the mare got upon the railroad track at a point where the defendant was required, by law, to erect and maintain fences. But, inasmuch as there was no direct averment in the statement to the effect that the mare got upon the track at a point where the defendant was required, by law, to erect and maintain fences, and there was no averment therein that the mare did not get upon the track at a point within the grounds of any of defendant's depots, and the defendant did not have to erect and maintain fences at its depot grounds, we can not say that, under the allegations of the statement, the mare did not get upon the railroad track where there was no fence, and where the law required a fence to be. In other words, the essential allegation is not made by necessary implication. We must hold the statement to be insufficient.

The position taken by the defendant's counsel, that, under the facts of this case, the plaintiff had no right to recover in this action, under section 809, Revised Statutes, is not tenable. This case, as to this point, is covered by *Bean v. Railroad* (20 Mo. App. 642). As we have said, railroad companies are required to erect and maintain fences everywhere outside of towns and cities, except at public crossings and depot grounds. And at neither a public crossing nor a depot is a railroad company permitted to erect fences. *Clarkson v. Railroad*, 84 Mo. 585. Hence, outside of towns and cities,

wherever railroad companies *may* erect fences, there *they are required* to erect and maintain fences.

For the insufficiency of the statement, the judgment is reversed and cause remanded. All concur.