CHICAGO, B. & Q. R. Co. v. MARY HOGAN.

[FILED NOVEMBER 5, 1890.]

Railroads: FENCING IN CITY LIMITS. A railroad company is
not required to fence its right of way within the limits of a
city, town, or village. And where the larger portion of its de-
pot and station grounds are within such limits, the company is
not required to fence that part of such grounds extending out-
side of the city limits, and upon which abuts a platted addition
to such city, when it appears that such grounds are constantly
used, and are necessary for the proper transaction of its business
as a common carrier.

REHEARING of case reported 27 Neb., 801. For con-
tentions of counsel, see former report.

*Marquett & Deweese,* for plaintiff in error.

*Sawyer & Snell, contra.*

NORVAL, J.

This case was reversed on a former hearing and a re-
hearing granted. We have again considered the questions
involved and found no reason to change the views
expressed in the former opinion prepared by Judge MAX-
WELL, that, under the agreed statement .of facts, the rail-
road company was not required to fence its right of way at
the point where the plaintiff's horse was killed, and, as the
animal was killed without the fault or negligence of the
company's employes, the defendant was not liable for the
loss. The greater portion of the defendant's depot and
station grounds at the city of Lincoln are within the
corporate limits; the remainder of such grounds, while
not within the corporate limits, extends along a laid out
and platted addition to Lincoln, known as " West Side

Addition." This addition had several houses thereon, which were occupied by owners and tenants. Numerous tracks had been constructed through said depot grounds, which had been used by the company for many years, and which tracks and depot grounds were necessary for the proper transaction of its business as a common carrier. The horse entered upon the defendant's right of way and was killed at a point within that part of its depot or station grounds which extend outside of the city limits. No fence had been erected on either side of the defendant's tracks at that point.

Sec. 1, art. 1, ch. 72, Comp. Stats., expressly exempts a railroad company from fencing its right of way within the limits of a city, town, or village. To have fenced that part of the depot grounds not within the city limits, would have required the construction of cattle guards and wing fences across these grounds. It is stipulated by the parties that it would be inconvenient and unsafe to employes of the road if cattle guards and fences were erected there. Such guards within station grounds could not be otherwise than exceedingly dangerous to those whose duty it is to attend to the switching of cars. This work of necessity is done at stations, and freight cars must be coupled and uncoupled by a person standing on the ground. To perform such labor with cattle guards constructed across the tracks, within station grounds, would not only be perilous to the life and limb of the employes, but would greatly interfere with the proper discharge of its duties as a carrier. It is not believed that the legislature contemplated or intended that a railroad company should fence that part of its station grounds extending outside of the limits of a city, town, or village, when such grounds are necessary for the proper transaction of its business as a common carrier. The conclusion we have reached is sustained by the following authorities: *Davis v. B. & M. R. Co.*, 26 Ia., 553; *Durand v. C. & N. W. R. R.*, Id.,

559; *L. & I. R. Co. v. Shriner*, 6 Ind., 141; *I. & C. C. R. Co. v. Oestel*, 20 Id., 231; *Railroad Co. v. Rowland*, 50 Id., 349; *C. R. & Ft. Wayne R. Co. v. Wood*, 82 Id., 598; *I. R. Co. v. Christy*, 43 Id., 143; *G. & C. R. Co. v. Griffin*, 31 Ill., 303; *Flint & P. M. R. Co. v. Lull*, 28 Mich., 510; *McGrath v. D. M. & M. R. Co.*, 24 N. W. Rep. [Mich.], 854; *Lloyd v. Pac. R. Co.*, 49 Mo., 199; *I. B. & W. R. Co. v. Quick*, 9 N. E. Rep., 789; *C. & G. T. R. Co. v. Campbell*, 11 N. W. Rep., 152. As there can be no recovery in this case, the judgment of the district court is reversed and the action

DISMISSED.

THE other judges concur.