UNION PACIFIC RAILROAD COMPANY v. WILLIAM J. KNOWLTON.

FILED FEBRUARY 6, 1895. No. 5606.

1. Railroad Companies: DUTY TO FENCE TRACKS: DAMAGE BY KILLING STOCK. Every railroad corporation in this state is required to fence its tracks, except at the crossings of public roads and highways and within the limits of towns, cities, and villages.

2. ———: ———. A point one mile distant from the nearest depot grounds not within the limits of any city, town or village, re-

mote from any railroad or highway crossing, and not necessary
for use in making up trains, although occasionally used for such
purpose, is not within the exception mentioned.

3. ———: ———.   *Chicago, B. & Q. R. Co. v. Hogan*, 27 Neb., 801,
and 30 Neb., 686, distinguished.

ERROR from the district court of Lancaster county.
Tried below before HALL, J.

*Harwood, Ames & Pettis*, for plaintiff in error.

*Stevens, Love & Cochran, contra.*

POST, J.

This is a petition in error from the district court of Lan-
caster county, and presents for review a judgment of the
district court for that county, whereby the plaintiff below,
defendant in error, recovered for the value of a cow killed
by the engine of the defendant railroad company.

The collision, which was the occasion of the controversy,
occurred at a point about midway between the limits of the
city of Lincoln and the village of West Lincoln, and about
three-quarters of a mile distant from each place.   About
half a mile south east from the point in question the de-
fendant's track is crossed by that of the Missouri Pacific
Railroad Company.   But between the crossing mentioned
and West Lincoln it is not intersected by any railroad
track, or any road or highway.   Nor has the defendant
any side tracks or switches between the Missouri Pacific
track and West Lincoln.   The jury were advised that the
only question for their consideration was whether the track
was fenced at the point where the collision occurred.   But
as it is conclusively shown that the track was not fenced at
any point between the city of Lincoln and West Lincoln,
the charge was practically a direction to find for the plaint-
iff.   It will be perceived from the foregoing statement that
the salient question was whether the defendant was required
to fence its track at the point where the collision occurred.

On the part of the defendant it was contended that such point is within the actual limits of the Lincoln yard, that the said track was in constant use in the making up of trains, and that the fencing thereof would be dangerous to employees.

It is provided by law (Comp. Stats., sec. 1, art. 1, ch. 72): "That every railroad corporation whose line of road or any part thereof is open for use shall, within six months after the passage of this act, and every railroad company formed or to be formed, but whose lines are not now open for use, shall, within six months after the lines of such or any part thereof are open, erect and thereafter maintain fences on the sides of their said railroad or the part thereof so open for use, suitably and amply sufficient to prevent cattle, horses, sheep, and hogs from getting on the said railroad, except at the crossings of public roads and highways, and within the limits of towns, cities, and villages," etc.

In the *Chicago, B. & Q. R. Co. v. Hogan*, 27 Neb., 801, and 30 Neb., 686, it was held that a railroad company was not required to fence its station yard where the larger part thereof is within the limits of a city, and the part which extends beyond the city limits adjoins a platted addition thereto, and is in constant use by the company's servants in the transaction of the business as a common carrier. That case, although relied upon with apparent confidence by the railroad company, is not authority for the proposition contended for. The tracks therein mentioned were, to all intent and purpose, within the city, and were for that reason clearly within the spirit of the exception. As remarked by Judge NORVAL on the rehearing, 30 Neb., 686: "To have fenced that part of the depot grounds not within the city limits would have required the construction of cattle guards and wing fences across these grounds.   *   *   *   Such guards within station grounds could not be otherwise than exceedingly dangerous to those whose duty it is to attend to the switching of cars.   *   *   *   It is not believed that

the legislature contemplated or intended that a railroad company should fence that part of its station grounds extending outside of the limits of a city, town, or village, when such grounds are necessary for the proper transaction of its business as a common carrier."

It is conclusively shown that the defendant's depot grounds are situated more than a mile distant from the point of the collision. Nor is there in the record any evidence tending to prove that the use of the track between Lincoln and West Lincoln was necessary in the making up of trains, or that the facilities afforded by the tracks within the yard limits were insufficient for that purpose. The most that can be claimed by the defendant is that it is convenient for it to use the track in question in making up its trains and that it was occasionally used for that purpose. The legislature could not have intended the provision of the exception above noted to include tracks outside of the limits of cities, towns, and villages, remote as is this one from the depot grounds and side tracks and not necessary for use in making up trains. It follows that the defendant company was required to fence its track at the point where the collision occurred and that the judgment should accordingly be

AFFIRMED.