AUSTIN CHOUTEAU, Respondent, v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, January 9, 1888.

RAILROADS—DUTY TO FENCE UNDER SECTION 809, REVISED STATUTES. In respect to the duty of railroads to erect and maintain fences under section 809, Revised Statutes, the rule is, that though the point of injury is within switching grounds, and though such grounds be used in connection with a depot or station, the railroad company must, nevertheless, erect and maintain fences and cattle-guards, unless such fences would interfere with the transaction of business, to the inconvenience of the public.

APPEAL from Jackson Circuit Court, HON. FRANCIS M. BLACK, Judge.

*Affirmed.*

The case is stated in the opinion.

STRONG & MOSMAN, for the appellant.

I. Section 809, Revised Statutes, does not require fences to be built between the tracks of the Wabash Rail-

way Company and those of defendant. The phraseology of the section shows it was not intended to apply to the station grounds of a railroad company. *Edwards v. Railroad*, 66 Mo. 671; *Morris v. Railroad*, 79 Mo. 370; *McIntosh v. Railroad*, 26 Mo. App. 362; *Cousin's case*, 66 Mo. 572.

II. Said section 2124 supplements section 809, and applies wherever section 809 is inapplicable. The railroad is not permitted, either in section 809, or section 2124, "to fence its track at a public crossing, nor where it runs through incorporated towns laid out into streets and thoroughfares, nor to fence up their station." *Clarkson case*, 84 Mo. 585; *Russell case*, 83 Mo. 510, 516; *McIntosh case, supra*. And this for the plain reason that station grounds are not properly within the description of the lands mentioned in section 809. Its language is imperative. It declares that the railroads shall "erect and maintain." The court is not at liberty to make exceptions to the positive commands of the statute. The earliest report of a case in the state where that exception appears is under section 2124. An exception is permissible in the application of section 2124. This section says where fences "may be" built. This has been construed to be synonymous with "can be," or with the words, "might" or "could." 83 Mo. 516 and 10; 84 Mo. 585. If section 809 is properly applicable to injuries at station grounds, no exceptions can be allowed in favor of the public convenience against its positive command. If, however, section 2124 covers the case, exceptions are permissible *McGrath v. Railroad*, 57 Mich. 555. Actions for injuries at such places must be, and always have been, brought under section 2124, Revised Statutes. *Radcliff's case*, 90 Mo. 132; *Elliott's case*, 66 Mo. 684; *Russell's case*, 83 Mo. 583; *Swearingen case*, 64 Mo. 73. Public necessity would excuse defendant from building fences and cattle-guards at such places, and it may not lawfully fence them. *Robertson v. Railroad*, 64 Mo. Mo. 414; *Cocke v. Railroad*, Sup. Ct Texas, 1885; *Railroad v. Nice*, 99 Ind. 152; *Pierce*

on Railroads, 420; *Lloyd v. Railroad*, 49 Mo. 201; *Weir v. Railroad*, 48 Mo. 558. The statute (sec. 809) was not intended to prevent railroad companies from performing the duties they were organized to perform; it is not to receive such a construction as to cut off a railroad company from the use of its own grounds. *Railroad v. Beatty*, 36 Ind. 32; *Railroad v. Roland*, 50 Ind. 349; *Railroad v. Campbell*, 47 Mich. 265.

III. The only means which would have prevented the plaintiff's cow from getting on defendant's track at the point where it did, would be a fence erected between the Wabash track and the track of the defendant's road. The space between these tracks is only five or six feet. The Pullman palace cars extend so far out beyond the rail that it is doubtful whether a fence could be built between the tracks which would clear the passing cars. Such a fence, if built, would be dangerous to the lives and limbs of passengers upon the tracks of the two roads. *Barton v. Railroad*, 52 Mo. 259; *Hulsenkamp v. Railroad*, 37 Mo. 539. The bare existence of a track in such proximity to another itself demonstrates the danger to both passengers and employes. The liability of both the Wabash and the defendant to their servants for injuries received from such obstructions is clear. *Allen v. Burlington*, 57 Ia. 623; *Russell case*, 91 Ill. 298; *Kearns v. Railroad*, 66 Ia. 599; *Robells, Adm'r, v. Railroad*, 33 Minn. 84; *Snow v. Housatonic*, 8 Allen, 441.

IV. A fence without a cattle-guard is worse than no fence at all, as an opening is left at both ends through which cattle may enter, and the side fences prevent their escape. As the court say, "It is worse than no security —it would only furnish a trap." *Railroad v. Leak*, 89 Ind. 599. We contend that cattle-guards are not required in section 809, where their construction would prevent the company from transacting its business, or using its yards, switches, side tracks and grounds, or prevent the public from access thereto. We contend that a fence is not required where cattle-guards cannot be built. A cattle-guard consists of a pit under the tracks as well as

wing fences running to the sides of the right of way. We further contend that this section not only does not require, but will not afford any possible justification to the company in constructing them in the track upon which its servants are engaged in the train work at all hours of the day and night. The rule of law is, that the railroad is in duty bound to provide its servants with a safe place where they may perform their duties in its service. *Lewis, Adm'r*, 59 Mo. 495 ; *Hall's case*, 74 Mo. 298 ; *Porter's case*, 71 Mo. 77. This statute has been said to be for the purpose of securing the safety of the passengers. It certainly never was intended that the safety of passengers from imaginary dangers should be attained at the expense of the lives and limbs of the employes of the railroad company engaged at work on freight trains. *Lewis case*, 54 Mich. 55 ; *Hoffman case*, 75 N. Y. 605 ; *Hartwig case*, 49 Wis. 358. A railroad company is not required or permitted to put cattle-guards in its tracks where the same would imperil the lives and limbs of its trainmen. *Railroad v. Willis*, 93 Ind. 507 ; *Kneadle v. Railroad*, 94 Ind. 454 ; *Railroad v. Herbolb*, 99 Ind. 91 ; *Railroad v. Manson*, 31 Kas. 314; *Railroad v. Newbrander*, Ohio St. 1883; *Meyers v. Railroad*, 35 Mo. 356.

V. The court erred in excluding evidence offered by defendant to show effect of fencing.

No brief for the respondent.

ELLISON, J.—Plaintiff sues for the loss of a cow killed by defendant's cars. He asked and obtained double damages under section 809, Revised Statutes, and defendant appeals. The allegation was, and the proof showed, the cow strayed upon defendant's track where it was unfenced, and not at a public crossing, nor within the limits of an incorporated city or town, but at a point where the road runs through unenclosed lands. But defendant seeks a reversal of the judgment on the ground that the tracks were used for passing trains, for switch-

ing, for storing cars, and for transferring through freight; also, that the tracks of defendant and of the Wabash Railway, at this point, ran parallel with each other, five or six feet apart. Defendant offered to show that cattle-guards could not be made at a public crossing near the point of the injury with safety to the trainmen engaged in switching, coupling, and uncoupling cars. This offer was rejected by the court.

Of its own motion the court gave the following instruction :

" 1. If you find that the cow got on the track, at a place where there was a side track, and that this side track had two or more tracks leading out of it, and that all these side tracks were not in the limits of any village, and were not in connection with any depot, but were used for standing cars and switching cars, it was still incumbent upon the defendant to fence them, if they run through uninclosed lands."

The instruction was properly given under the evidence in this case. *Morris v. Railroad*, 58 Mo. 78 ; *Russell v. Railroad*, 83 Mo. 507 ; s. c., 26 Mo. App. 368. There was no evidence offered by defendant to show that those grounds were used in connection with a station, and that it was necessary for the transaction of business with the public, and the reception and discharge of freight or passengers, that the grounds should be kept open.

The rule in respect to the question presented here is, that, though the point of injury is within switch grounds, and though such grounds be used in connection with a depot or station, the railroad company must nevertheless erect and maintain fences and cattle-guards, unless such fences would interfere with the transaction of business, to the inconvenience of the public. The test is, whether it is necessary for the transaction of business with the public that such grounds should be left open.

1 think the judgment should be affirmed. All concur.