REUBEN BRASSFIELD, Respondent, v. JOHN PATTON *et al.*, Appellants.

Kansas City Court of Appeals, December 10, 1888.

1. **Railroads:** LIABILITY UNDER SECTION 809, REVISED STATUTES: UPON WHAT IT DEPENDS. Railroad companies, under section 809, Revised Statutes, are not liable to the owner of stock, killed or injured, unless it got upon the track at a place where they are, by law, required to fence, no matter at what place it may be killed or injured.

2. **Practice:** ACTION UNDER SECTION 809, REVISED STATUTES: STATEMENT: CASE ADJUDGED. In actions under this section (R. S., sec. 809), the fact should appear by direct averment or necessary implication that the animal got upon the defendant's railroad track at a point where, by the law, the defendant was required to erect and maintain fences. *Held* that the statement in this case does not meet this requirement.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED.

The case is stated in the opinion.

*John P. Butler,* for the appellants.

(1) While the railroad company was authorized to construct its railroad over and across the public road in question so as not to obstruct the same, yet it was not, and is not authorized to obstruct it by building fences along the right of way of the company, across such public road. From the plaintiff's complaint, it is inferred that he grounds his right of recovery in this action upon the failure of the railroad company to build lawful fences across the public road. Or, that he has a right of recovery, because the railroad was not fenced with a lawful fence at points along the line, other

than that where the injury occurred. Or, argumentatively, that Charles Bailey's private fence was built so close to the railroad that there was no room for the colt to turn around, and hence, notwithstanding it was killed on the public road, the company is liable in this action for double damages. Such, however, is not the law, and this complaint is not only insufficient to authorize a recovery, but on the contrary shows, if it shows anything, that he has no right to recover. There is no allegation in this complaint that the colt in question got upon the railroad at a point where the company was by law required to fence. It is therefore fatally defective, and the defendant's first instruction should have been given, and his motion in arrest of judgment sustained. *Nantz v. Railroad*, 79 Mo. 196 ; *Asher v. Railroad*, 79 Mo. 432 ; *Manz v. Railroad*, 87 Mo. 278 ; 2 Rorer on Railroads, 1409. (2) On the trial of this case in the circuit court the evidence of the plaintiff and his witnesses showed that the road in question was regularly laid out and established sixty feet in width ; that it was fenced on both sides by the owners of the land ; that these private fences were joined to and connected with cattle-guards of the railroad company ; that the colt came down this public road from the west ; that it could not have got upon the right of way of the railroad company, and to the point where it was struck and killed, except over the public road. This evidence precluded his right of recovery, and the defendants, demurrer to the evidence should have been sustained. If the colt came upon defendants' railroad track at a public road crossing, the defendants are not liable. It is the place where the colt came upon the track, and not the place where killed which fixes the liability. The defendants' second instruction refused by the court, should have been given. *Nance v. Railroad*, 79 Mo. 196; *Moore v. Railroad*, 81 Mo. 503 ; *Ehret v. Railroad*, 20 Mo. App. 258. The theory of the plaintiff seems to have been that the "crossing" included only that portion of the road in which planks were laid for wagons to pass over, and that if the colt was struck at

any other point within the sixty feet in width, forming such public road, that the company is liable for double damages. This is not the law; for if the colt came upon the railroad at a point included in the public road where it crosses the railroad track, the company is not liable. And this rule applies to all parts of the public road whether used by the public or not. *Ehret v: Railroad*, 20 Mo. App. 252. So the court erred in refusing defendants' fifth and seventh instructions. (3) There is no evidence to sustain a verdict against defendants in this case. All the evidence shows that the colt was struck and killed and came upon the track at a public crossing. There is no evidence to the contrary. The jury were misled by the instruction given for the plaintiff and the refusal of proper instructions for defendants.

*Winters & Keller* and *M. Bingham*, for the respondent.

(1) "It is the duty of every railroad corporation in this state to erect and maintain lawful fences on the sides of said railroad where the same passes through, along or adjoining inclosed or cultivated fields, or uninclosed lands, * * * and also to construct and maintain cattle-guards, where fences are required, sufficient to prevent horses, mules, cattle and all other animals from getting upon the railroad; and until such fences * * * and cattle-guards shall be made and maintained, such corporation shall be liable in double the amount of all damages which shall be done by its agents, engines or cars to horses, cattle, mules, or other animals on said road." Laws 1885, p. 88. (2) "If the animal came upon the right of way of defendants' railroad, and was struck and killed at a point where it was the duty of defendants to erect and maintain lawful fences, as well as cattle-guards, but owing to defendants' failure so to erect such fences and cattle-guards the animal was killed, they are liable in double the amount of damages sustained by reason of such failure." Laws 1885, p. 88. (3) The petition in this cause is sufficient

to authorize a recovery. *Sloan v. Railroad,* 74 Mo. 47 ; *Edwards v. Railroad,* 74 Mo. 117 ; *Periquez v. Railroad,* 78 Mo. 91 ; *Blakely v. Railroad,* 79 Mo. 388 ; *Moore v. Railroad,* 81 Mo. 502. (4) Whenever the building of a fence would have prevented an accident to domestic animals, then the negligence of a railroad company in not fencing its road is the cause of the injury. *Halvorson v. Railroad,* 19 N. W. Rep. 570. And had the defendants erected and maintained proper fences and cattle-guards at the point complained of, the animal could not have entered the pocket in which it was caught and killed. (5) If the animal was struck and killed at a point on the company's right of way outside of the sixty feet embraced in the public road crossing, and came to such point by reason of the failure of defendant to erect fences, etc., on the sides of its right of way, the company is liable even though the animal came upon the right of way from a public crossing. 87 Mo. 88 ; 34 N. W. Rep. 538 ; 20 Mo. App. 258. (6) The photograph of the locality fails to show the true condition of the railroad and public road at the time of the injury, and besides it was taken after the railroad had been fenced and changed by the company. All of the testimony, except that of the engineer in charge of train, shows that the colt was struck and killed inside the sixty feet forming the public road.

RAMSAY, J.—This is an action under section 809 of the Revised Statutes, commonly known as the double-damage act, for killing a two-year-old colt, belonging to plaintiff. The statement filed with the justice of the peace, and upon which the cause was tried in the circuit court, omitting caption and formal allegations was worded as follows : "That on or about the seventh day of December, 1886, defendants, by its agents, trustees, servants and employes, while running a locomotive and train of cars over said railroad, in said Liberty township, run the same over and against, struck and killed one two-year-old colt, and that said colt was, at the time of said killing, the property of plaintiff, and of the value of

ninety dollars ($90) ; that said colt came upon the track
of said railroad in said township where it passes through
and along and adjoining enclosed and cultivated fields.
Plaintiff admits that there was a public road crossing
near by where said colt was killed, but further states
that defendant's railroad runs so close to Charles Bailey's
private fence on the right of way of said railroad com-
pany, that it was impossible for said colt to turn around
without being struck with said locomotive and cars, and
the said defendants have failed and neglected to erect
and maintain a lawful fence on the sides and along the
right of way, so as to furnish a proper passway for ani-
mals, a passway to and from said crossing, and that by
reason thereof said colt came upon said track, and the
killing of said colt was occasioned then and there by the
neglect and failure of the defendants to erect and main-
tain a lawful fence along the sides and on the edge of
the right of way of said railroad lands to furnish space
sufficient for animals to pass along the sides of said rail-
road track to said crossing. Plaintiff says he is damaged
in the sum of ninety dollars, by reason of the killing
of said colt as aforesaid, and that by virtue of section
809 of Revised Statutes of 1879, as amended in the laws
of Missouri for 1885, page 88, he became entitled and
demands judgment for double the value of said colt, to-
wit, the sum of one hundred and eighty dollars." It
is claimed by appellants that this statement is fatally
defective in that it contains no allegation that the colt
in question got upon the railroad at a point where the
company was by law required to fence. Questions simi-
lar to this have been before the supreme and appellate
courts of this state so often, and the decisions which
pass upon complaints or statements drawn under this
section are so numerous that the precedents, if all are
looked to and considered, tend rather to confuse than to
declare the exact requisites of a good and sufficient
statement under the statute. In *Nance v. Railroad*, 79
Mo. 197, the supreme court said : "The railroad com-
pany, under the section upon which this action is based,
is not liable to the owner of stock killed or injured unless

it got upon the track at a place where the company is by law required to fence, no matter at what place it may be killed or injured, and no. decision of this court can be found in which a statement omitting that averment has been held good." Similar decisions have been rendered in the following cases : *Asher v. Railroad,* 79 Mo. 432 ; *Cecil v. Railroad,* 47 Mo. 246 ; *Morrow v. Railroad,* 82 Mo. 169 ; *Davis v. Railroad,* 65 Mo. 44 ; *Johnson v. Railroad,* 76 Mo. 558. So it has been recognized by this court as settled : " That it is the place where the animal got on the track and not where it was killed, that fixes the liability of the road." *Ehret v. Railroad,* 20 Mo. App. 251 ; *Summers v. Railroad,* 29 Mo. App. 41 ; *McIntosh v. Railroad,* 26 Mo. App. 377, the two last cited cases holding that, by direct averment or necessary implication, the fact should appear that the animal *got upon the defendant's railroad* track at a point where, by the law, the defendant was required to erect and maintain fences. Tested by the rule prescribed in these cases, does the statement contain the necessary averment ? At one place it states "that said colt came upon the track of said railroad, in said township, where it passes through and along, and adjoining enclosed and cultivated fields." This, neither directly, nor by necessary implication, avers that that the animal came upon defendant's railroad track at a point, where by law the defendants were required to fence. The statement nowhere contains the direct averment of such fact, nor does it state facts from which it should be necessarily implied. To raise such an implication the statement should show that the point where the animal got upon the railroad ground was at a place other than those places where the defendants were not required by law to fence. Sufficient negative averments should appear to show that the animal did not enter upon the defendants' road inside of a city or town at depot grounds or at a public crossing. In pleading under such a statute as this, it is always better to make these necessary allegations by direct averment. It should be remembered

that it is the *statute* which, in such cases, gives the remedy here sought. The statute is penal, and no cause of action should be maintained under it that does not clearly and fairly fall within its provisions. The statement in this case "admits that there was a public road crossing near by where said colt was killed," and further alleges that defendants' railroad runs so close to a private fence on the right of way, that it was impossible for the colt to turn around without being struck by the locomotive and cars. From these allegations the implication might more readily arise that the colt entered upon the railroad at this public crossing ( where defendants were not required to fence ) and owing to the proximity of Bailey's private fence, it, through fright, was unable to make its escape from the crossing in time to avoid the collision, than that the colt entered upon the track at a point where defendants should have fenced their road. If the colt entered upon the defendants' road at a public road crossing, viz., at any point included within the limits of the public road where said road crossed the railroad track, the plaintiff was not entitled to recover under the statement in this case. It will be noted that the failure upon part of defendants to comply with section 809 charged in the petition, is that "defendants have failed and neglected to erect and maintain a lawful fence *on the sides* and along the right of way so as to furnish a proper passway for animals," etc. Such a statement was directly passed upon by this court in *Ehret v. Railroad, supra, loc. cit.* 258. It was unquestionably the duty of the defendants to construct a cross-fence or other proper barrier, extending from the track on each side out so as to connect with fences on the sides of its road, where the sides of its road are fenced, and to erect and maintain under such circumstances proper cattle-guards. *Edwards v. Railroad*, 74 Mo. 117. But no violation of this duty is alleged in the statement. The complaint seems to be that animals could not pass along the *sides of said railroad track to the crossing*, not that owing to a defective cross-fence, or an absence of such fence, stock were permitted to pass

from the crossing up or down the railroad track to points where there was no crossing. The statement, in our opinion, under a long line of decisions in this state, is fatally defective. We are strengthened in this view of the case by a consideration of the evidence preserved in the record. The evidence all shows that the colt came onto the defendants' railroad at the public road crossing mentioned in the statement; that it was struck by the engine from six to eight feet east of the end of the plank which served as the crossing for wagons and other vehicles; that the limits of the public road extended south and east of the end of these plank seven or eight feet, so that not only the point where the colt entered upon the track, but the point where the collision took place was within the limits of the public road.

For the reasons mentioned the judgment is reversed. ELLISON, P. J., and HALL, J., concur in the result because the action is based on section 809, and the evidence all shows that the colt came upon the defendants' railroad at a public crossing.