A. F. BUMPAS, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 23, 1903.

1. **RAILROADS: Killing Stock: Fences: Place of Entry.** It is the place where the injured animals get upon the railroad track, and not the place where they are struck, that fixes the liability of the company, and the evidence in the record indicates that the animals sued for came through an open gate.

2. ———: ———: **Farm Crossing: Gate Fastening.** If the fastening of a gate at a farm crossing is satisfactory to the farmer, it is sufficient; but there must be some sufficient fastening, especially where the gate abuts upon a public highway.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

(1) The demurrer to the evidence should have been sustained. Ehret v. Railroad, 20 Mo. App. 251; McIntosh v. Railroad, 26 Mo. App. 377; Summers v. Railroad, 29 Mo. App. 41; Brassfield v. Patton, 32 Mo. App. 577; Wasson v. McCook, 80 Mo. App. 488; Snider v. Railroad, 73 Mo. 465; Nance v. Railroad, 79 Mo. 196; Moore v. Railroad, 81 Mo. 499; Vineyard v. Railroad, 80 Mo. 92; Box v. Railroad, 58 Mo. App. 368; Railroad v. Kavanaugh, 163 Mo. 54. (2) The instructions given by the court, at the request of plaintiff, were erroneous. McAtee v. Valandingham, 75 Mo. App. 45; Keithley v. Southworth, 75 Mo. App. 442.

*Joseph Park & Son* for respondent.

(1) The law will imply constructive notice of such defect to the defendant company and hold it liable for the killing proven. Clardy v. Railroad, 73 Mo. 576; Case v. Railroad, 75 Mo. 668; Biniker v. Railroad, 83 Mo. 660; Ridenour v. Railroad, 81 Mo. 227; Laney v. Railroad, 83 Mo. 466. (2) For a railroad to neglect to discover a defect existing for a week or more with respect to a gate at a farm crossing, will ordinarily render it liable for injury ensuing therefrom. Horton v. Railroad, 26 Mo. App. 348; Railroad v. Harris, 54 Ill. 530; Morrison v. Railroad, 27 Mo. App. 431. (3) The rule as to reasonable time in which to repair does not apply where the company never had a lawful gate or fence. McMillan v. Railroad, 70 Mo. App. 568; Morrison v. Railroad, 79 Mo. 367; Duncan v. Railroad, 91 Mo. 67; Miller v. Railroad, 56 Mo. App. 77. (4) There is sufficient evidence in the record that the gate was open through the negligence of the defendant in not discovering and removing the snow which for two weeks or more obstructed the closing of the gate. Ridenour v. Railroad, 81 Mo. 231; Goodrich v. Railroad, 151 Mo. 222.

(5)   Gates are a part of the fence and it is the defendant's statutory duty to keep them in repair, which necessarily includes the duty to keep them safely and securely closed.   The care required of railroads in keeping up fences and gates is not limited to ordinary care.   West. v. Railroad, 26 Mo. App. 344; Woods v. Railroad, 51 Mo. App. 500; Rutledge v. Railroad, 78 Mo. 286; Hamilton v. Railroad, 87 Mo. 89.   (6)   Plaintiff was not required to prove the point of entry upon defendant's road by direct evidence, nor the killing by an eyewitness. Such might be manifestly impossible, and in this case was so.   Mayfield v. Railroad, 91 Mo. 300; Gee v. Railroad, 80 Mo. 283; Freet v. Railroad, 63 Mo. App. 554; Rutledge v. Railroad, 78 Mo. 287; Rozzelle v. Railroad, 79 Mo. 350; Morris v. Railroad, 79 Mo. 371; Emerson v. Railroad, 35 Mo. App. 628.

BROADDUS, J.—This is an action under section 1105 of the Revised Statutes to recover damages on account of the alleged killing of two horses belonging to plaintiff, on defendant's railroad in Adair county, Missouri, on the 14th day of February, 1902.   On the evening of the day previous to the alleged date, two young horses escaped from plaintiff's son at his home and although search was made for them they were not found until the morning of the next day when they were both found dead lying along defendant's track several hundred feet from a gate and farm crossing on a Mr. Ryan's farm, and about two miles from plaintiff's home. It was shown that a Mr. Bailey occupied the Ryan farm as a tenant; that the railroad was fenced on both sides where the horses were found dead; that the gate was open and had been for some days prior thereto sufficient to admit the passage of horses; that the gate could not be shut by reason of the fact that it was obstructed by snow which, according to one witness, had fallen about fifteen days prior to the date when the horses were found dead by the track, and by other witnesses not for so long a

time; that the gate had remained open since the falling of the snow; that said gate had no latch or fastening of any kind and had had none since it was put up; that the farm crossing was used by the tenant of the Ryan farm in passing over defendant's railroad to the barn on the opposite side; that a highway led from plaintiff's place to said gate at said crossing; that horse tracks were seen approaching the gate and on the inside of the right of way, but no tracks were seen in the passage through the gate—but one witness or more states that the ground or snow was packed so hard at that point that the horses in passing would have made no tracks; and that the horses were injured in such a way as to show unmistakably that they had been struck and killed by a railroad engine. The evidence further showed that the said crossing was in frequent use by Bailey, the tenant, and his family; but that their habit was to close the gate after passing through; but that it was left open at the time in question because the snow had drifted at that point and it could not be closed without taking the gate from its hinges.

Under the instructions of the court the jury found for the plaintiff the value of the two horses, which sum was doubled by the court. Defendant appealed.

The theory as found in plaintiff's instructions was that under the evidence it was the duty of defendant, under said section 1105, Revised Statutes 1899, to have kept said gate closed. And the jury were instructed that if they found that it had been left open for such a length of time that defendant knew or by the exercise of reasonable care could have known it was open; and that plaintiff's animals passed through said open gate onto the defendant's railroad where they were killed, the verdict would be for plaintiff. The jury were also instructed as to the probative force of circumstantial evidence; and that if it found that the horses "went upon said railroad through an open gate as charged, and were struck and killed by defendant's locomotive and cars," the finding should be for the plaintiff. The court was

asked to instruct the jury that, under the pleadings and evidence, they should find for the defendant, which the court refused.

The defense of defendant mainly is, that the evidence failed to show that the horses got upon defendant's track by reason of the insufficiency of its fence, as it was shown that when found they were at a point on or near the railroad where there was a sufficient fence; that there was no evidence that they passed through the open gate in question; and that the defendant violated no duty it owed to plaintiff with respect to said gate.

It is true that no complaint was made as to the sufficiency of defendant's fence on both sides of its track where the animals were found. But as we understand the law, that is not a test of defendant's liability, but on the contrary, it is the settled law in this State that it is the place where the animal gets upon the track and not where it is killed, that fixes the liability of the road. Ehret v. Railroad, 20 Mo. App. 251. In Brassfield v. Patton, 32 Mo. App. 572, it was held: "Railroad companies are not liable to the owner of stock killed or injured unless it got upon the track at a place where the companies are by law required to fence, no matter at what place it may be killed." A great many cases may be found to the same effect. In fact, under the statute, any other construction would be without reason to support it. And it has also been held that, "if the place of injury or killing be shown, it will be presumed, in the absence of anything to the contrary, that the animal strayed upon the track at that point." Pearson v. Railroad, 33 Mo. App. 543. In this case there was nothing to show that the animals got upon the track at the point where they were killed, but the presumption is rebutted by the evidence that there was a sufficient fence at that point to turn stock, and there were other circumstances going to show that they got upon defendant's right of way through the open gate at said crossing. All the witnesses on that point testify that tracks were seen ap-

proaching said gate and that tracks were found inside the right of way, and that the animals were found dead a few hundred feet from the place. It is true that tracks were not found at the passage leading through the gateway, but the witnesses explain that the hard frozen condition of the same at that point was such as to prevent animals from making impressions with the feet upon its surface. There was no other place where they could have entered, and the only reasonable inference to be drawn from the facts are, that they entered through said open gate.

The evidence showed that perhaps the gate in question was sufficient except it lacked proper fastenings to secure it when closed. It was not erected by the railroad company but by the tenant and his landlord, and there is no reason assigned why there was no provision made for securing it when closed. It has been held that if the proprietor of the land at the farm crossing was satisfied with a sliding gate at his farm crossing instead of a gate hung and fastened with a latch or hook, as prescribed by the statute, no one else has a right to complain, even though not as convenient to the owner as if it were hung with hinges and fastened with a latch. Harrington v. Railroad, 71 Mo. 384; Railroad v. Kavanaugh, 163 Mo. 54. But we know of no case where a railroad company would be excused for an entire failure to provide some fastening, at least, for gates that lead from a public highway over a farm crossing, although the owner may not require strict compliance with the statute in that regard. Such a gate in no way fastened would not be a substantial compliance with the requisitions of the statute and would not accomplish its purpose.

However, it was not shown whether at the time in question the gate came open by reason of its lack of a fastening or was left open, and under the proof it is immaterial. There was evidence that it had remained open for ten or fifteen days prior to the killing of plaintiff's

horses, and that it could not be closed without first being taken down, by reason of the accumulation of snow in the gateway. And the jury were properly instructed as to the duty of defendant if it found that the gate had been so open for such a length of time that the defendant might have, by the exercise of reasonable care, discovered such fact.

It seems to us that the case was well tried and that the defendant under the pleadings and proof was clearly liable under the statute to plaintiff for damages for his horses killed. Cause affirmed. All concur.