## WORLEY, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals. Argued January 12; Opinion Filed, January 26, 1909.**

**RAILROADS: Fences: Cattle-Guards: Double Damages.** The duty of a railroad company, under section 1105, Revised Statutes 1899, to maintain cattle-guards at crossings of highways, is as imperative as the duty to maintain fences along its right of way. Where an animal went upon a railroad track at the crossing of a highway and crossed into an adjacent field on account of the absence of a cattle-guard and was killed by a passing train, the company was liable to the owner of the animal for double damages; the fact that it entered upon the right of way at the crossing of the highway would be no defense.

Appeal from Stoddard Circuit Court.—*Hon. Jas. L. Fort*, Judge.

AFFIRMED.

*W. F. Evans* and *James Orchard* for appellant.

(1) Our contention is, and all the evidence bears out our contention, that the mule came upon the railroad track at a public crossing, and it makes no difference where it was struck if it came upon the track at a public crossing with the company's railroad, the company is not liable for double damages for the killing of the mule. We are mindful of the fact that this court has recently decided that where a cow came upon a railroad from a public highway and escapes and gets upon the track by reason of insufficient cattle-guards, the company is liable, but, with all due deference to this court, we think that is in direct conflict with a long line of decisions handed down by the Supreme Court, and also by the Courts of Appeals, both of St. Louis and Kansas City. Snider v. Railway, 73 Mo. 465; Cecil v. Railroad, 47 Mo. 249; Witthouse v. Railroad, 64 Mo. 523; Roberts v. Railway, 49 Mo. App. 164; Henderson v. Railway, 36 Mo. App. 109; Brassfield v. Patton, 32 Mo. App. 578; Nance v. Railway, 79 Mo. 196; Hudgens v. Railroad, 79 Mo. 418; Asher v. Rail-

road, 79 Mo. 432; Moore v. Railway, 81 Mo. 503; Warden v. Railway, 78 Mo. App. 664; Ahret v. Railway, 20 Mo. App. 258; Redmond v. Railway, 104 Mo. App. 651; Bumpas v. Railroad, 103 Mo. App. 202; Edie v. Railway, 112 S. W. 993.

*N. A. Mozley* for respondent.

"Defendant contends that the cattle entered upon its road through the opening where defendant had placed gates. They were killed beyond the crossing and the point where the cattle-guards should have been. There was no such cattle-guards. Plaintiff's case was made out beyond any reasonable grounds of contention." Brown v. Railway, 20 Mo. App. 433; Cecil v. Railway, 47 Mo. 250; Snider v. Railway, 73 Mo. 469.

REYNOLDS, P. J.—Action for double damages under section 1105, Revised Statutes 1899, for killing a mule. The petition avers that the mule strayed on the track at a point where the railroad passes through, etc., enclosed fields, etc., "and at a point where said defendant was required by law to erect and maintain good and lawful fences, etc., and also construct and maintain cattle-guards at said point sufficient to prevent said mule from getting on said railroad; that said mule strayed and went in and upon said railroad track and grounds by reason of the failure and neglect of defendant to construct and maintain good and lawful fences on the sides of its said road, and to construct and maintain cattle-guards as aforesaid, where said mule entered upon said railroad . . . and that the point where said mule entered upon the track and grounds of said railroad as aforesaid, was not at public crossing nor within any city, town or village." The answer was a general denial. There was a trial before the court sitting as a jury, a finding that the value of the mule was $75, and on motion of plaintiff this was doubled and

judgment went accordingly. At the close of the evidence defendant asked a declaration of law to the effect that under the pleadings and evidence plaintiff is not entitled to recover. This was refused, motion for new trial filed and overruled, exceptions duly saved and defendant appeals.

The statement of counsel for the appellant is that "the testimony in the case shows that the mule came upon the defendant's track at what is known as a country road and which has not been worked by the public, but it shows that it had been there for twenty-two years and the public traveled the road when it saw fit and had been traveling it for twenty-two years. The railroad company left an opening at the point where it crosses the railroad track for the purpose of putting in cattle-guards. The testimony as undisputed is that the mule went upon the track at that crossing." The learned counsel then say: "Our contention is, and all the evidence bears out our contention, that the mule came upon the railroad track at a public crossing and it makes no difference where it was struck, if it came upon the track at a public crossing over the company's railroad, the company is not liable for double damages for the killing of the mule." There was testimony tending to show that the mule was on the public road and that it went from that down the railroad track or right of way; that there was no cattle-guard between the public road crossings and the track below, and that the mule was killed, not on the public road crossing, but down the track; that there had been cattle-guards on the side of the public road but they had been torn out, so that there were none there when the mule left the public road and went down the track.

After their very frank and lawyer-like statement counsel for appellant challenge what they refer to "as a recent decision" of this court to the contrary as "in direct conflict with a long line of decisions" of our Supreme Court, as well as of the Kansas City Court of

Appeals and of this court.   It is to be regretted that counsel did not specify what particular recent decision of this court they refer to.   Surely they should not have left to this court the labor of searching the reports in an effort to settle upon the particular decision they had in mind.

This leads the writer to observe that great complaint is made by members of the profession of the delays of the appellate courts of the State in the disposal of causes; and it is common knowledge that the impression is very strong in the minds of the public that the courts are solely responsible for this delay. But there is this to be said in defense of the courts— namely, counsel very often submit elaborate briefs and arguments, citing and quoting many authorities and making very many points, and expect the courts to examine and review all the cases cited, and consider all the points made, and if the court fails to do this, then the court is accused of lack of proper consideration of the case.   We make this observation in this case because the briefs and abstracts are in no manner subject to this criticism.   They are very short and very clear and the abstract filed is beyond criticism, so that what we have here said cannot possibly be construed as personal or reflecting on the very eminent counsel in this case.

The whole trouble in this case in the minds of counsel on both sides appears to arise over a misapplication of the expression "entered upon the right of way."   As a matter of course, a road—public or country—crosses the right of way of the railroad, and animals going along the public road necessarily enter upon the right of way at a point where it is not required to be fenced—but on the contrary must be left open. If the animal stays on that part of the right of way and is killed no liability for double damages arises and no liability for any damages except where the killing was negligent.

But it is as clearly prescribed by the statute that cattle-guards must be provided on each side of the road as it is that the road shall be fenced, and if animals get off of the right of way where that right of way is crossed by a public road, and because of the absence of cattle-guards, wander down or along the right of way and on to the track and are there killed, then the railroad is responsible in double damages because the animals got to the place on the right of way where they were killed by reason of the fact that the absence of cattle-guards enable them to do so. That is all there is to this point. There is evidence in this case, as before stated, that the mule, going along the public road where that road crossed the right of way, wandered off of that part of the right of way over which the public road crossed on to the right of way below the road crossing and that it was able to do so because of the absence of cattle-guards, and was killed, below or outside of the public road crossing. Every case in which this particular point has been considered holds that under such conditions the railroad is liable in double damages. They are fully collated in note to section 1105, Revised Statutes 1899 (1 Missouri Annotated Statutes, foot page 949), and that section and this phase of it are fully set out in the decision of this court in Sowders v. St. Louis & San Francisco R. R. Co. et al., 127 Mo. App. 119. The statute is as imperative in imposing a double liability where animals are killed by reason of the absence of cattle guards, as it is by the failure to fence, and is so plain as hardly to require construction. If the animal gets to the place at which it is killed by a failure to erect and maintain either of these appliances where required, then double damages are recoverable, regardless of where the killing occurred.

The judgment of the circuit court is affirmed. All concur.