ADAMS, Respondent, v. ST. LOUIS & SAN FRAN-
CISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, March 9, 1909.

RAILROADS: Fences and Cattle-Guards: Double Damages. Where
an animal passes from a highway upon a railroad track on
account of the absence of cattle-guards, at a point where the
company is required to fence the track, and is there killed by
a passing train, the railroad company is liable for double the
value of the animal so killed, under section 1105, Revised Stat-
utes 1899.  The rule that the liability or non-liability of a rail-
road company is determined by the point at which the animal
enters upon the right of way and not the point of collision is
not applicable to such a case, where the railroad company has
neglected to discharge its duty to maintain cattle-guards.

Appeal from Butler Circuit Court.—*Hon. J. C. Shep-
pard,* Judge.

AFFIRMED.

*L. F. Parker, W. F. Evans* and *James Orchard* for
appellant.

*Abington & Phillips* for respondent.

NORTONI, J.—This is a suit for double damages
alleged to have accrued to the plaintiff under the rail-
road fence statute, by the killing of her cow on defend-
ant's tracks.   Plaintiff recovered and defendant ap-
peals.   It is conceded throughout the case that the

plaintiff's Jersey cow, valued at $75, was killed on defendant's railroad track by a collision with one of its trains. The point where the animal entered upon the railroad and was killed is outside any town or city and not within the switch limits of any depot or station grounds. In fact, the cow was killed in a farming community. She entered upon defendant's railroad tracks at the crossing of a public highway but was not killed at that point. Having entered upon the track at the highway crossing, she passed to a point about seventy-five feet southwest therefrom on the defendant's tracks, where she was collided with by the engine and killed. Although the defendant was operating its railroad, it had failed to construct a cattle-guard on the side of the public highway mentioned for the purpose of preventing animals, passing along the highway, from entering upon its track. It was because of defendant's failure to construct the cattle-guard at the side of the highway crossing the plaintiff's cow passed from the highway to the point on the tracks where she was struck and killed.

The only question for decision on the appeal is whether these facts present a case of liability against the defendant. The argument advanced for a reversal of the judgment is to the effect that as it is the point at which the animal enters upon the right of way and not the point of collision which determines the liability or non-liability of the railroad, under the fencing statute, no liability attaches in this case for the reason the cow entered upon the track at the crossing of a public highway which the defendant is not permitted to fence. This argument is entirely without merit when applied to the facts of this case. Under the pointed provisions of our statute (sec. 1105, R. S. 1899, sec. 1105, Mo. Ann. St. 1906) every railroad in this State is required to construct and maintain cattle-guards sufficient to prevent horses, cattle, mules and other animals from going upon the railroad. The statute declares that until a cattle-guard, etc., shall be made and maintained, the

railroad company shall be liable in double the amount of damages which shall be done by its agents, engines or cars, to horses, cattle, mules or other animals going upon the railroad. It is very true that had the collision with the plaintiff's cow occurred at the crossing of the public highway, no liability would have attached to the defendant for the reason that it was neither required nor permitted to fence its right of way at that point. To do so would interfere with the public travel. [Acord v. Railway Co., 113 Mo. App. 84, 87 S. W. 537.] Where an animal, upon the highway, passes therefrom because there is either no cattle-guard at all or a defective cattle-guard, to a point on the railroad tracks which the defendant is required to enclose, the question is entirely different. If the animal is then injured or killed, it presents a case of liability within the very words of the statute. [Sowders v. St. L. & S. F. Ry. Co., 127 Mo. App. 119, 104 S. W. 1122; Worley v. St. L. & S. F. Ry. Co., —— Mo. App. ——, 115 S. W. 1039; see also Sappington v. C. & A. Ry. Co., 95 Mo. App. 387.] It is very true the authorities uniformly declare that it is the point at which the animal enters upon the right of way and not the point of collision which determines the question of liability or non-liability for the injury. [Acord v Railway, 113 Mo. App. 84, 87 S. W. 537, and cases cited.] Those cases contemplate, however, that the defendant had discharged its duty by erecting fences and cattle-guards as required by the statute. That is to say, if perchance an animal entering at a public road crossing, passes over a sufficient cattle-guard into the defendant's enclosure and is there killed, no liability will attach for the reason the point at which it entered upon the track was one not required to be fenced. In such circumstances, even though the animal be killed at a point within defendant's inclosure, the question of liability is determined by reference to the fact whether defendant had discharged or neglected its duty in respect of supplying a cattle-guard. To determine this,

the court must advert to the point at which the animal entered upon the tracks. Of course, in such case, the defendant having constructed a sufficient cattle-guard, it had discharged its duty in that behalf and should not be held to answer for the killing of an animal within its inclosure which had passed over a sufficient cattle-guard. However this may be, where the defendant has entirely failed to perform its duty by erecting a cattle-guard, or by maintaining an insufficient cattle-guard, and the animal passes over the same, from the highway to a point beyond and is killed or injured, as in this case, liability therefor attaches because of its failure to erect and maintain a sufficient cattle-guard. In those circumstances, the entire absence of a cattle-guard or the insufficiency of one theretofore constructed, is the proximate cause of the injury.

The judgment is for the right party and should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.